UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | | |
|---|---|---|
| L. T. TUCKER, JR. #132271, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04-cv-117 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| B. HOBSON, *et al.*, | ) | |
| | ) | **ORDER DENYING MOTION** |
| Defendants. | ) | **FOR RECONSIDERATION** |
| | ) | |

Plaintiff L. T. Tucker, Jr., a prisoner incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. This Court dismissed Plaintiff's Complaint as failing to exhaust administrative remedies on October 5, 2005. Plaintiff has filed a notice of appeal. However, he has also filed a motion for reconsideration and/or for relief from judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The Court finds that the motion is timely. *See* FED. R. CIV. P. 59(e) & 60(b). Further, the Court must address the motion despite the notice of appeal. *See* FED. R. APP. P. 4. After careful consideration, the Court will deny the motion.

Plaintiff claims that the Court erred in finding that he had not sufficiently demonstrated exhaustion of administrative grievances. Plaintiff states that in his Complaint, he mentioned all of the steps he took in an effort to exhaust administrative remedies. However, as noted in the Opinion, Plaintiff failed to attach copies of his grievances or the responses, nor did Plaintiff explain his failure to attach grievances or specifically allege the dates that grievances were filed, the parties named in the grievances, or the claims raised in each grievance. Plaintiff states that

he was on modified access during much of the pertinent time period, but Plaintiff did not specify the dates he requested grievance forms and which Defendants were named in each grievance request. As noted previously, conclusory allegations that remedies have been exhausted are not enough. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. Mar. 16, 1999).

Plaintiff now seeks to provide evidence that he exhausted his administrative remedies. However, a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002). Moreover, Plaintiff is not entitled to have the Court reconsider dismissal of his § 1983 claim for failure to present evidence of administrative exhaustion, where the documents offered on reconsideration all existed prior to filing of the Complaint, and there was no legal error or change in law regarding exhaustion between the time that Plaintiff filed his Complaint and Motion for Reconsideration. *Jones v. Gobbs,* 21 Fed. Appx. 322, 323 (6th Cir. 2001). Accordingly, the Court will deny Plaintiff's motion as without merit. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and/or for Relief from Judgment (Dkt. No. 26) is **DENIED**.

DATED in Kalamazoo, MI:	 /s/ Richard Alan Enslen
January 12, 2006	RICHARD ALAN ENSLEN
	SENIOR UNITED STATES DISTRICT JUDGE