UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER,

      Plaintiff,

v.

B. HOBSON, *et. al.*,

      Defendants.
_____/

Case No. 2:04-cv-117

HON. RICHARD ALAN ENSLEN

**JUDGMENT**

This matter is before the Court on Petitioner L.T. Tucker's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of August 2, 2007. The Report recommended that Defendants' motion for summary judgment be granted and Plaintiff's civil rights action be dismissed. *See* Fed. R. Civ. P. 56. This Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b)(1)(B).

Upon such review, the Court concludes that the relief requested was properly denied. The Magistrate Judge correctly analyzed the Motion in accordance with pertinent standards. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, since Petitioner is proceeding *pro se*, the Court also reviews the Motion consistent with the indulgent standards accorded *pro se* filers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding this generous interpretation, Petitioner has not made a sufficient showing to survive summary judgment.

The first category of Plaintiff's Objections concern which parties are proper Defendants. A defendant has the right to waive service and typically effectuates this right through his attorney's entry of appearance and request for relief. *See* Fed. R. Civ. P. 4(d); *Bigler v. Waller*, 79 U.S. 142, 147 (1871). Although Defendant Rankin was not properly served, his attorney appeared and

requested relief from this Court, thereby waiving service. Because there is no genuine issue of material fact, the Report properly dismissed the claims against all Defendants, including Rankin.

The next category of Plaintiff's Objections concern Plaintiff's First Amendment claims.[1] Plaintiff incorrectly contends that the Report failed to analyze all of his First Amendment claims. To survive summary judgment on these claims, it must be established that: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct; and 3) the adverse action was motivated, at least in part, by plaintiff's participation in the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The Report correctly concluded that Plaintiff's First Amendment claims are without merit. There is not sufficient evidence to support a finding that Plaintiff's exercise of protected conduct, namely filing grievances and lawsuits, was a motivating factor for Defendants' alleged adverse actions.

The final category of Plaintiff's Objections concern his Eighth Amendment claims. It is well-established that prison officials may not use excessive physical force against prisoners and must take reasonable measures to ensure the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish civil liability under the Eight Amendment for a prison official's failure to prevent harm to a prisoner, the plaintiff must prove that the prison official acted with "deliberate

---

[1] Plaintiff argues that the Magistrate Judge improperly barred his retaliation claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). After review, the Court has determined that since Defendant is serving a life sentence, the caselaw concerning this issue is controversial and unclear. *Compare Riley v. Kurtz*, 194 F.3d 1313 (6th Cir. 1999) (applying *Edwards*), *with Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007) (not applying *Edwards*), *and Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003) (same). Therefore, the Court hereby modifies the Report and reserves this question, instead choosing to decide the issue on the merits.

indifference" to a substantial and serious need of the plaintiff. *Farmer*, 511 U.S. at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Maintaining order and protecting prisoners from other prisoners is "at best an extraordinarily difficult undertaking." *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). For this reason, numerous crimes are committed in prisons which are not attributable to misconduct on the part of prison officials. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The Magistrate Judge correctly recommended that Plaintiff's Eighth Amendment claims are without merit. There is no genuine issue of material fact regarding whether Defendants Irvine and Suardini were deliberately indifferent to Plaintiff's security or to an unreasonable risk of injury. If Plaintiff was attacked, it was not due to the deliberate indifference of Defendants.

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 92) are **DENIED**, the Report and Recommendation (Dkt. No. 91) is **ADOPTED AS MODIFIED HEREIN**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 77) is **GRANTED**, and all claims against Defendants are **DISMISSED WITH PREJUDICE**.

The Court certifies that an appeal of this Judgment under 28 U.S.C. § 1915 would not be taken in good faith in light of the issues raised.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 31, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE